## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Reading)

| | |
|---|---|
| IN RE:<br>DEIDRE LEE PATTERSON<br>　　　　Debtor | Case No. 22-11464-pmm |
| | Chapter 13 |
| WILMINGTON TRUST COMPANY AS<br>SUCCESSOR TRUSTEE TO THE BANK OF<br>NEW YORK AS SUCCESSOR TRUSTEE FOR<br>JPMORGAN CHASE BANK, N.A., AS TRUSTEE<br>FOR THE BENEFIT OF THE<br>CERTIFICATEHOLDERS OF POPULAR ABS,<br>INC. MORTGAGE PASS-THROUGH<br>CERTIFICATES SERIES 2006-B<br>　　　　Movant | |
| vs.<br>DEIDRE LEE PATTERSON<br>　　　　Respondent | 11 U.S.C. §362 |

## ORDER MODIFYING §362 AUTOMATIC STAY

**AND NOW**, this 3rd day of January, 20 23, at **READING**, upon Motion of Wilmington Trust Company as successor trustee to The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2006-B (Movant), it is:

**ORDERED:** that Movant shall be permitted to reasonably communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and it is further;

**ORDERED** that Relief from the Automatic stay of all proceedings, as provided under 11 U.S.C. §362 is granted with respect to, 934 -936 Vernon Street, Bethlehem, Pennsylvania 18015 (hereinafter the Premises) (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to permit Movant, its successors or assignees, to proceed with its rights under the terms of said Mortgage; and it is further;

**ORDERED** that Rule 4001(a)(3) is not applicable and may immediately enforce and implement this Order granting Relief from the Automatic Stay; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

_Patricia M. Mayer_
_____
Patricia M. Mayer
BANKRUPTCY JUDGE